17-3706-cr
United States v. Lawrence

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
               PIERRE N. LEVAL,
               CHRISTOPHER F. DRONEY,
                  *Circuit Judges*.

——————————————————————————

UNITED STATES OF AMERICA,

        *Appellee*,

      v.

                                      17-3706-cr

LLAMAR LAWRENCE,

        *Defendant-Appellant*,

ROMARIO BURKE, RENAIR MARTIN,

        *Defendants.*

——————————————————————————

FOR APPELLEE:               JESSICA K. FENDER (Daniel B. Tehrani, *on the brief*), Assistant United States Attorney for the Southern District of New York, New York,

1

NY, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

FOR DEFENDANT-APPELLANT: WALTER MACK, ESQ., Doar Rieck Kaley & Mack, New York, NY

Appeal from an October 28, 2017, order denying Llamar Lawrence's motion to direct the United States Bureau of Prisons to transfer Lawrence to a prison facility in New York City (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Llamar Lawrence appeals a district court order denying his motion to be transferred to a federal Bureau of Prisons ("BOP") facility in New York City. He claims the district court erred by permitting the BOP to transfer him to a Pennsylvania facility despite its order directing the BOP to keep Lawrence in New York until final judgment was issued. We assume the parties' familiarity with the facts and record of prior proceedings, but we include a short summary of the procedural background to explain our decision. For the reasons stated below, we dismiss Lawrence's appeal.

I.     Procedural Background

On March 31, 2017, Lawrence pleaded guilty to possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A). That offense provides for a mandatory minimum term of sixty months' imprisonment.  § 924(c)(1)(A)(i).  Lawrence had been held in state custody since January 22, 2014, for the same conduct, but no state conviction had been obtained. At his July 19, 2017, sentencing hearing in this case, Lawrence argued for a downward adjustment to his 60-month mandatory minimum sentence to account for the time he spent in state custody. The district court reserved its decision on the matter, explaining that it was unsure the court could grant such relief, and that if the BOP provided the downward adjustment it would moot the issue. Pending final judgment, the court ordered that Lawrence be housed in the Metropolitan Correctional Center ("MCC") in New York, after which, the court noted, "all I can do is recommend" a detention facility.

On August 4, 2017, the district court entered an order reaffirming Lawrence's 60-month mandatory minimum sentence and urged the BOP to complete a timely calculation of Lawrence's sentence. The district court also gave the parties 10 days from the final BOP calculation to file a motion to "correct, modify, adjust or perhaps downward depart from" the calculation in the event the BOP did not credit the state period of incarceration, but noted that its order was not an "implication . . . that the Court has or has not the power to grant such relief." The court entered final judgment four days later, incorporating the terms

2

of its August 4, 2017, order and recommending that Lawrence serve his sentence in the MCC. The next day, the BOP issued a preliminary calculation of Lawrence's sentence, which included the credit Lawrence had requested for his time in state custody. On August 30, 2017, the BOP informed Lawrence that he could not remain in the MCC because the BOP designated him to a medium-security institution, which the MCC was not.

Although the BOP's decision to credit Lawrence's time in state custody mooted his downward-adjustment request, his counsel objected to the BOP's designation, and requested a conference with the district court to review the matter. During that conference, the district court urged the government to seek a statement of reasons from the BOP explaining its designation. When the government contacted the BOP, however, it learned that Lawrence had already been transferred to a Pennsylvania facility. Lawrence filed a letter with the district court on September 22, 2017, asking it to order the BOP to return Lawrence to the MCC. Before the district court could respond to the letter, the BOP issued its final sentencing calculation, which, like its preliminary decision, credited Lawrence for his time in state custody. The district court contacted the parties, concluding that "it appears that defendant's application is moot, given that the purpose of the motion was to ensure access to counsel should he have any objection to the Bureau of Prison's computation of his sentence, and that computation is now completed and is consistent with defendant's previously-expressed wishes."

Lawrence filed a motion for reconsideration, claiming his transfer to Pennsylvania "is arbitrary, capricious, an abuse of discretion, and not in accordance with law[,] . . . [violates] Lawrence's constitutional right to due process of law . . . [,] the direct order of this Court, and [is] in excess of the statutory authority of the Department of Justice and Bureau of Prisons, without observance of procedure required by law, unsupported by substantial evidence and unwarranted by the facts, all in violation of Title 5, U.S.C., § 706." He also argued that the "Bureau of Prisons has transported and designated defendant Lawrence in violation of" 18 U.S.C. § 3621(b).

The district court denied Lawrence's motion for reconsideration, explaining that "[t]his Court does not have subject matter jurisdiction over defendant's motion. [Section 3625 of Title 18 of the U.S. Code], relating to decisions by the Bureau of Prisons, expressly states that Section 706 [of the APA] does 'not apply to the making of any determination, decision, or order under this subchapter.'" Instead, Lawrence could bring his claim, after exhausting administrative remedies, "as a habeas petition under 28 U.S.C. § 2241." Lawrence timely appealed that order. While his appeal was pending, Lawrence was released from BOP custody on October 26, 2018, because he completed his sentence of incarceration.[1]

---

[1] Upon release, Lawrence was taken into the custody of U.S. Immigration and Customs Enforcement.

II.      Analysis

Lawrence renews his BOP transfer request on appeal. He insists that the district court erred by mischaracterizing his arguments as challenges to the BOP's designation decision despite his arguing then, as he argues now on appeal, only that the BOP violated the district court's August 4th order by transferring him out of New York and that the BOP failed to comply with certain statutory requirements when making its designation determination. But whether formulated as a challenge to the BOP's compliance with a judicial order or its alleged violation of statutory restrictions, Lawrence's arguments are now moot: he was released from the BOP in October 2018 and thus no longer has a sentence or designation to challenge. *See United States v. Ben Zvi*, 242 F.3d 89, 99 (2d Cir. 2001) (finding a sentencing challenge moot because Appellant was "no longer incarcerated and a post-release sentencing correction cannot alleviate injury that resulted from the earlier incarceration.").

For the reasons stated above the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4